IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VALERIE SMITH, SHERRIE DENTON,**
**and JOSH RAGLAND,**

      **Plaintiffs,**

      v.                                                                                          No.

**THE CITY OF HOBBS; J. GUY, a Hobbs Police**
**Department Officer; and HAYDEN WALKER,**
**a Hobbs Police Department Officer,**

      **Defendants.**

**COMPLAINT TO RECOVER DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS**

Plaintiffs, Valerie Smith, Sherrie Denton and Josh Ragland, by and through their counsel, Kennedy Kennedy & Ives, PC, bring this Complaint for violations of Plaintiffs' civil rights under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. In support of their Complaint, Plaintiffs state as follows:

**JURISDICTION AND VENUE**

Plaintiffs bring this Complaint under 42 U.S.C. § 1983 for deprivation of civil rights. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Personal jurisdiction is proper since at all material times parties resided in the district. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b) since all actions giving rise to Plaintiffs' claims took place within the district.

**PARTIES**

1. Valerie Smith ("Valerie"), is an individual who resides at 419 West Taos Street in Hobbs, New Mexico.

2. Sherrie Denton ("Sherrie"), is an individual who resides, part-time, at 419 West Taos Street in Hobbs, New Mexico.

3. Josh Ragland ("Josh"), is an individual who, at the time of the incident complained of, resided at 419 West Taos Street, in Hobbs, New Mexico.

4. Defendant City of Hobbs ("Hobbs") is a municipality in the State of New Mexico.

5. Defendant J. Guy ("Guy" or "Officer Guy") and Hayden Walker ("Walker" or "Officer Walker") are police officers with the City of Hobbs. They are sued in their individual capacities. At all times, they were acting in the scope of their employment.

## FACTUAL BACKGROUND

6. On November 28, 2017, at about 9:00 p.m., Officers Guy and Walker went to 419 West Taos Street, Hobbs, New Mexico.

7. Defendants were investigating a complaint about a stolen vehicle.

8. The vehicle was not stolen but had been loaned to a friend of Josh Ragland.

9. Upon arrival at the residence, Officer Walker knocked on the door and identified himself as "the police department."

10. While Officer Walker knocked on the door, Officer Guy was close to a window of the house, staring into and videotaping the interior of the home for an extended period of time.

11. Sherrie told Officer Walker that she was not dressed.

12. One of officers told Sherrie that they needed to speak to her and she then asked if he needed to speak to her specifically.

13. Sherrie also asked why they needed to speak to her.

14. The officer then told her that they needed to speak to her because they were investigating a crime.

15. Sherrie then responded that that was not a problem and that she needed to put on her clothes before opening the door.

16. After getting dressed, Sherrie opened the door and spoke to the officers.

17. During the time Sherrie was getting dressed in a bedroom, Officer Guy was standing, looking into the living room of the house.

18. Sherrie opened the door and Officer Walker entered the house.

19. Officer Walker immediately said that he needed to talk to her son, Josh, and Sheridan Silpo ("Sheridan").

20. Sherrie answered that Josh was not there, but Sheridan was in a "back bedroom."

21. Without asking consent and without a warrant, Officer Walker went into the interior of the home.

22. Sherrie and Valerie then asked who they were looking for and what was going on.

23. Officer Guy responded that they would explain to them what was going on in a minute.

24. Officer Walker found Sheridan asleep and woke her up.

25. Officer Guy then searched a second bedroom and a bathroom.

26. As Officer Guy made his way into a third bedroom, Sherrie told Officer Guy that the bedroom was her mother's room and told him to not go in there.

27. Officer Guy said that he was going to make sure Josh was not hiding there and began searching the room.

28. Officer Guy found Josh in the room and handcuffed him immediately.

29. Officer Walker then entered the bedroom where Josh was handcuffed and ordered Sherrie to go to the living room.

30. Sherrie questioned the right of police to order her to leave her mother's bedroom.

31. When Sherrie questioned Officer Walker's authority to order her to leave the bedroom, he threatened Sherrie with arrest and grabbed her wrist.

32. Sherrie then left her mother's bedroom and went to the living room only under the threat of arrest.

33. Officers told Josh that he was being detained, that he was not under arrest but that he was not free to go anywhere.

34. Additional Hobbs Police Department ("HPD") officers entered the home without consent and conducted an investigation into the alleged stolen car in the living room of the home.

35. At no point did Sherrie give the police consent to search the entire house or to enter her mother's room.

36. In fact, Sherrie specifically told officers not to enter her mother's bedroom.

37. At no point did Valerie give the officers consent to enter her home and remain in her home.

38. At no point did the officers have a warrant to search the house.

39. HPD officers eventually arrested Josh after they claimed they discovered a misdemeanor arrest warrant for him from Carlsbad, New Mexico.

## CAUSES OF ACTION
### COUNT I: FOURTH AMENDMENT UNLAWFUL VISUAL INVESTIGATION OF HOME

40. Plaintiffs incorporate by reference the proceeding paragraphs as though they were fully stated herein.

41. Officer Guy deprived Plaintiffs Sherrie and Valerie of their reasonable expectation of privacy in their home by peering into their home and recording the interior of their home.

42. For this count, Plaintiffs do not seek compensatory damages. They seek a declaration that Officer Guy violated the Fourth Amendment; that the violation was result of the practice, custom or policy of the City of Hobbs or its failure to train officers in the Fourth Amendment protection of the home; nominal damages and costs and attorneys' fees.

## COUNT II: FOURTH AMENDMENT
## UNLAWFUL ENTRY AND SEARCH

43. Plaintiffs incorporate by reference the proceeding paragraphs as though they were fully stated herein.

44. By entering Plaintiffs' home without consent and without a warrant, Defendants deprived Plaintiffs of their right to be free from unreasonable searches, pursuant to the Fourth Amendment to the United States Constitution.

45. By extending their search into all bedrooms of the home and by entering a bedroom that Sherrie had specifically told them they may not enter, Defendants deprived Plaintiffs of their right to be free of unreasonable searches, pursuant to the Fourth Amendment of the United States Constitution.

46. Defendants' conduct violated Plaintiffs rights to be secure in their home from unreasonable searches and seizures.

47. Plaintiffs never consented to officers searching their home.

48. Plaintiff Sherrie Denton specifically told Officer Guy to not go into her mother's bedroom before he entered.

49. Defendants acted willfully, knowingly, and purposefully, and/or with deliberate indifference to deprive Plaintiffs of their constitutional rights.

50. Plaintiffs have suffered insult and injury as a result of Defendants' actions.

### FOURTH AMENDMENT CLAIM
### COUNT III: UNLAWFUL SEIZURE
### (Sherrie Denton and Josh Ragland)

51. Plaintiffs incorporate by reference the proceeding paragraphs as though they were fully stated herein.

52. When Officer Walker ordered Sherrie into the living room of the house, he detained her.

53. Officer Walker had no reasonable suspicion or probable cause that Sherrie had committed a crime. Also, Officer Walker was unlawfully in Sherrie's home. Thus, the detention deprived Sherrie of her Fourth Amendment right to be free of an unreasonable seizure.

54. Officer Walker lacked lawful cause to detain Sherrie in her home or to remain in her home.

55. Officer Guy, lacking a warrant to enter the home, had no legal basis to detain Josh.

56. When Officer Guy handcuffed Josh, he detained him.

57. Officer Guy was unlawfully in the residence. Thus, the detention deprived Josh of his Fourth Amendment right to be free of an unreasonable seizure.

### FOURTH AMENDMENT CLAIM
### COUNT IV: UNLAWFUL OCCUPATION OF HOME

58. Plaintiffs incorporate by reference the proceeding paragraphs as though they were fully stated herein.

59. Multiple HPD officers entered the household without lawful authority.

60. HPD officers deprived Plaintiffs of their Fourth Amendment rights by remaining in their home to conduct a criminal investigation.

### COUNT V: MUNICIPAL CLAIM
### PRACTICE, CUSTOM OR POLICY/FAILURE TO TRAIN

61. Plaintiffs incorporate by reference the proceeding paragraphs as though they were fully stated herein.

62. The City of Hobbs has practice, custom or policy of violating Fourth Amendment rights of its residents through repeated entries into homes when they have no warrant, no exigencies exist and they have no consent to enter.

63. These instances of Fourth Amendment violations include:

    a. September 9, 2018, entry into the home of Sandra Todd to effect the arrest of Octavia Ward and Dennis Hargrove;

    b. January 24, 2019, entry into a home to effectuate the arrest of Tristan Childers; and

    c. July 28, 2019, entry into the home of Daniel Dolezal to effectuate his arrest.

64. The evidence that the acts complained of herein and the other unconstitutional acts constitute a practice, custom or policy or are a result of a deliberate indifference to training needs includes the fact that supervisors were on scene of each incident and did not prevent a Fourth Amendment violation nor did they investigate the constitutional violation; the City Attorney's Office of the City of Hobbs has prosecuted the victims for crimes of alleged resistance to police officers; the municipal court of the City of Hobbs has convicted many of the victims; the police officers understand the meaning of exigency as used in Fourth Amendment jurisprudence; and the City of Hobbs does not critically examine its entries into the homes to ensure that consent was obtained or an exigency supported the entry.

## COUNT VI: NEW MEXICO TORT CLAIMS

65. Plaintiffs incorporate by reference the proceeding paragraphs as though they were fully stated herein.

66. The City of Hobbs and the named police officers are liable to Plaintiffs under § 41-4-12 of the New Mexico Tort Claims Act for deprivation of state and federal constitutional rights as previously alleged.

## DAMAGES

67. Plaintiffs have been damaged in loss of liberty, shock, invasion of privacy and disruption of peaceful home environment that all Americans consider a right that the government is established to guarantee.

68. Defendants Walker's and Guy's acts were intentional, reckless, willful and indifferent to the rights of Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully seek the following relief:

I. A declaration from the Court that the Defendants deprived Plaintiffs of their civil and constitutional rights;

II. Nominal damages on Count I, and actual and compensatory damages for the other violations sufficient to make Plaintiffs whole;

III. Punitive damages against the individual Defendants for their indifference to Plaintiffs' rights;

IV. Costs and attorneys' fees for bringing this action; and

V. Any other relief the Court deems just and proper.

Respectfully Submitted,

**KENNEDY KENNEDY & IVES, PC**

*/s/ Joseph P. Kennedy*
Joseph P. Kennedy
*Attorney for Plaintiffs*
1000 2nd Street NW
Albuquerque, NM 87102
(505) 244-1400 / Fax (505) 244-1406