IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VALERIE SMITH, SHERRIE DENTON,
and JOSH RAGLAND,

    Plaintiffs,

v.                                                      No. 19-cv-0796 JCH/SMV

THE CITY OF HOBBS, J. GUY,
and HAYDEN WALKER,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION FOR LIMITED DISCOVERY PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 56(d)(2)**

THIS MATTER comes before the Court on Plaintiffs' Motion for Limited Discovery Pursuant to Federal Rule of Civil Procedure 56(d)(2) [Doc. 23], filed on March 2, 2020. Plaintiffs' counsel filed his Rule 56(d) Declaration on March 2, 2020. [Doc. 24]. Defendants responded on March 23, 2020. [Doc. 25]. Plaintiffs replied on April 10, 2020. [Doc. 26]. The Court has considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, the Court finds that the Motion for Limited Discovery is not well taken and will be denied.

**BACKGROUND[1]**

On November 28, 2017, Officers Walker and Guy arrived at a residence occupied by Sheridan Silipo[2] and Plaintiffs Valerie Smith, Sherrie Denton, and Josh Ragland in Hobbs,

---

[1] For the purposes of this Motion, the Court relies on the facts as listed in Defendants' Motion for Summary Judgment, as those are the facts to which Plaintiffs allege they need discovery in order to respond. That the Court recites certain facts in this order does not bind it in any later fact-finding.

New Mexico. [Doc. 20] at 1–2, 6. Smith owned the home and is the mother of Denton. *Id.* at 1. Denton is Ragland's mother. *Id.* Defendants were investigating a complaint about an allegedly stolen truck. *Id.* at 6. Walker knocked on the residence's door and identified himself as police. *Id.* at 7. Simultaneously, Guy positioned himself near a window and recorded the interior of the home. *Id.* at 2. Denton answered the door, and Walker told her that he was investigating a crime. *See id.* at 7. Walker asked if Ragland was in the house, and Denton said that he was in Texas. *Id.* Denton told Walker to "go ahead and come in." *Id.* She also confirmed that suspect "Sheridan Silipo was there and directed [Walker] to a back bedroom" to speak with Silipo. *Id.* Walker and Guy entered the home. *See id.* at 7–8.

Walker spoke with Silipo in the back bedroom and asked her where Ragland was. *Id.* at 7. Silipo "gestured to the next room but advised that she was not sure where [P]laintiff Ragland was because she had been asleep for a couple of hours." *Id.* Walker then told Silipo to go to the living room. *Id.* Silipo did so. *Id.*

Guy searched other rooms of the house and went to search the master bedroom. *See id.* at 8. Upon reaching the master bedroom, Denton told him, "Please don't go in there." *Id.* Guy nonetheless went into the bedroom, "advis[ing] [Denton] that he was going to make sure [P]laintiff Ragland was not hiding in there." *Id.* "Guy located [P]laintiff Ragland hiding behind the master bathroom door." *Id.* Guy handcuffed Ragland. *Id.* Walker ordered Denton to go to the living room, but she "was uncooperative." *Id.* "Denton continued to object but did go to the living room as directed." *Id.* at 9.

---

[2] Plaintiffs spell this person's name as "Sheridan Silpo" in the Complaint. [Doc. 1] at 3. Because the incident report spells her name as Sheridan "Silipo," the Court will adopt this spelling of her name. [Doc. 20] at 19.

The officers detained Silipo, Smith, Denton, and Ragland in the living room.  *Id.*  The officers discovered that Ragland had an outstanding bench warrant for his arrest.  *Id.*  They then arrested him and removed him from the house.  *Id.*  Officers towed the allegedly stolen truck from the property and inventoried it.  *Id.*

## PROCEDURAL HISTORY

Smith, Denton, and Ragland sued Officers Walker and Guy, in addition to the City of Hobbs Police Department, on August 30, 2019.  [Doc. 1].  They allege that the warrantless search and detention violated the Fourth Amendment.  *Id.* at 5–6.  They also allege that Guy's videotaping of the home from the outside violated the Fourth Amendment.  *Id.* at 4–5.  Plaintiffs contend that the City of Hobbs is liable for Walker's and Guy's Fourth Amendment violations because it has a practice, custom, or policy of entering into homes without lawful authority.  *Id.* at 6–7.  Finally, Plaintiffs allege that Defendants violated the New Mexico Tort Claims Act.  *Id.* at 7.

The Court has not yet entered a scheduling order.  It found that good cause existed to delay entering the scheduling order because Defendants intended to file a motion for summary judgment based on qualified immunity, and "such motions generally trigger a stay of discovery." [Doc. 16] at 1 (clerk's minutes); *see* [Doc. 17].  Defendants filed their Motion for Summary Judgment Based on Qualified Immunity on February 10, 2020.  [Doc. 20].  They argue that they are entitled to qualified immunity because (1) they had probable cause to conduct the investigation, (2) Denton consented to the warrantless entry and search, (3) the scope of the detention was not unreasonable, and (4) they lawfully arrested Ragland pursuant to a valid warrant.  [Doc. 20] at 11–16.  Defendants also argue that as Walker and Guy did not violate the

3

Fourth Amendment, the Court cannot hold the City of Hobbs liable for any alleged constitutional violation. *Id.* at 16.

On March 2, 2020, Plaintiffs filed the instant Motion for Limited Discovery. [Doc. 23]. They request the Court's permission to depose Walker and Guy about the entry, search, and detention. *Id.* at 12.

## ANALYSIS

Defendants assert that they are entitled to qualified immunity. [Doc. 20]. "[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). "Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."[3] *Id.*

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may," in its discretion, defer considering the motion, deny the motion, allow time to take discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d). "The general principal of Rule 56(d) is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). To properly invoke the Court's discretion, the movant must submit an

---

[3] Plaintiffs note that Defendants did not file a formal motion requesting that the Court stay discovery. [Doc. 26] at 6. Of course, the Court has not entered a scheduling order, so no deadlines exist to stay. For the reasons explained in this opinion, the filing of the Motion for Summary Judgment Based on Qualified Immunity constitutes good cause to delay beginning discovery. *See* Fed. R. Civ. P. 16(b)(2); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

affidavit "(1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment."  *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017). Relatedly, the information sought cannot be irrelevant or cumulative.  *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993).  Though a Rule 56(d) declaration "should be liberally treated," *id.* (quoting *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)), it "is not a license for a fishing expedition," *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990).

Here, the Court rejects Plaintiffs' request for limited discovery under Rule 56(d) because (1) Plaintiffs do not identify the probable facts currently unavailable to them, and (2) any requested discovery would not assist Plaintiffs in responding to Defendants' Motion for Summary Judgment because the information sought from Defendants is either cumulative or not a fact essential to opposing the Motion.

### A.   Plaintiffs fail to identify the probable facts currently unavailable to them.

Neither Plaintiffs' Motion nor the Declaration identifies the probable facts, presently unavailable to them, that they expect to find should the Court permit a deposition of Walker and Guy.  Plaintiffs assert that they need discovery, but they never allege what information they expect to find should the Court grant their request. *See, e.g.*, [Doc. 23] at 7 ("Plaintiffs must depose Defendants Guy and Walker in order to investigate the existence of any of these possible [exceptions to the warrant requirement]."); *id.* ("Plaintiffs need to investigate whether it was clear to Defendants whether Plaintiffs' consent was limited or revoked."); *id.* ("Plaintiffs would

like to discover why the Defendants believe Ms. Denton 'attempted' a revocation, i.e.[,] did they not hear her, did they not think she was serious?").  Simply alleging, as Plaintiffs do, that they need discovery in certain areas does not meet their burden to identify the probable facts unavailable to them that they expect to find if they engage in the requested discovery.  *See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006) ("While the appellants' affidavit briefly lists the additional discovery they believe necessary, it fails to do so with any specificity, and with any hint of what facts such discovery is expected to unearth." (citation omitted)); *Stevenson v. City of Albuquerque*, No. 17-cv-0855 JB/LF, 2020 WL 873937, at *42 (D.N.M. Feb. 21, 2020) ("Plaintiffs identify the discovery—the depositions—but not the specific probable facts that the depositions may reveal . . . Plaintiffs do not state or even hint what that evidence might be.").  This defect plagues each of Plaintiffs' requests for discovery.  Without knowing the probable facts currently unavailable to Plaintiffs, their Motion represents nothing more than a fishing expedition.

   **B.** **The information Plaintiffs seek is cumulative because the information necessary to respond to the Motion for Summary judgment exists in lapel camera video.  Any information that could arise in depositions of Walker and Guy is not essential to Plaintiffs' opposition to the Motion for Summary Judgment.**

The Court rejects Plaintiffs' request for additional discovery for a second, and more fundamental, reason: a lapel camera recorded the entire encounter, and the information sought by Plaintiffs through depositions of Walker and Guy are not facts essential to responding to the Motion for Summary Judgment.  The Court will discuss Plaintiffs' discovery requests in two parts: (1) the information related to the officers' entry and search of the home, and (2) the information related to the officers' detention of Plaintiffs in the living room.

### 1. Warrantless Entry

"It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable," *Payton v. New York*, 445 U.S. 573, 586 (1980) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 477 (1971)), "[u]nless an exception to the warrant requirement exists," *United States v. Mongold*, 528 F. App'x 944, 948 (10th Cir. 2013). These exceptions include exigency and consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (consent); *United States v. Thomas*, 372 F.3d 1173, 1177 (10th Cir. 2004) (exigency).

The first exception, exigency, involves "the hot pursuit of a fleeing felon, the imminent destruction of evidence, the need to prevent a suspect's escape, or the risk of danger to police officers or other people inside or outside the home." *Thomas*, 372 F.3d at 1177. The second exception, consent, permits an officer to search a home if a person with authority voluntarily consents to the search, *see Schneckloth*, 412 U.S. at 222–23, and the officer stays within the scope of the consent given, *Florida v. Jimeno*, 500 U.S. 248, 251 (1991). "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Id.* A person who initially consents to a warrantless search remains "free to . . . revoke [her] consent at any time during the search." *United States v. Taverna*, 348 F.3d 873, 879 (10th Cir. 2003).

Plaintiffs argue that they must depose Walker and Guy about the warrantless search: (1) "to discover whether there was an articulable exigency for searching Ms. Smith's room," (2) to determine whether Defendants believed that Denton attempted to revoke (or actually

revoked) her consent, (3) to determine what Defendants "understood Ms. Denton's consent allowed them to search," and (4) because Defendants fail to explain why they ignored Denton's revocation of consent. [Doc. 23] at 7–8. Each reason to order limited discovery lacks merit.

First, Plaintiffs require no discovery concerning the exigency exception because Defendants do not assert that this exception applies. In the Motion for Summary Judgment, Defendants argue that only the consent exception applied. [Doc. 20] at 12–14. As the exigency exception is irrelevant to the Motion for Summary Judgment, deposing Walker and Guy about it would serve no purpose.

Second, discovery into whether Defendants believed that Denton attempted to revoke her consent is cumulative and is not essential to oppose the Motion for Summary Judgment. Plaintiffs argue that they "need to investigate whether it was clear to Defendants whether Plaintiffs' consent was limited or revoked." [Doc. 23] at 7. "Plaintiffs would like to discover why the Defendants believe Ms. Denton 'attempted' a revocation, i.e.[,] did they not hear her, did they not think she was serious? Or did they fully understand what she said and ignored her revocation?" *Id.*; *see id.* ("Plaintiffs would like to discover whether Defendant Guy . . . understood that the statement [that he please not go into Smith's room] revoked any consent that Ms. Denton had given . . . ."). As to Plaintiffs' speculation that Guy may not have heard Denton's request that he not go into the master bedroom, Defendants admit that Guy heard her. [Doc. 25] at 1. Additionally, Plaintiffs fail to show that they need to depose Walker or Guy in order to respond to the Motion for Summary Judgment considering that they have the lapel-camera video and their own testimony regarding the circumstances of Denton's revocation.

More importantly, Defendants' subjective interpretations about the effects of Denton's statements do not control the scope of consent. Whether Defendants thought Denton was not serious, or whether they did not understand what she said, does not control whether the consent exception applies because it is governed by an objective test based on what a reasonable person would have understood Denton to mean. *See Jimeno*, 500 U.S. at 251. Defendants' subjective interpretations of Denton's statements are not essential to opposing the Motion for Summary Judgment. *See United States v. Kimoana*, 383 F.3d 1215, 1224 (10th Cir. 2004) ("Although Officer Miner testified elsewhere that his own subjective understanding of Nick's consent was that it was limited to entry if nobody was there, the standard is an objective one and the officer's own understanding [of the scope of consent] is thus not dispositive."). The lapel video shows all of the objective circumstances surrounding Denton's alleged consent. Plaintiffs do not argue that the video is unclear or omits material information. The video enables them to respond to Defendants' assertion of the consent exception, and Plaintiffs may describe the circumstances of the search in affidavits. Any subjective information that the video does not contain would not meaningfully assist them in responding.[4]

Third, for the same reasons, Plaintiffs do not need discovery concerning "what areas of the house Defendants Guy and Walker understood Ms. Denton's consent allowed them to search." [Doc. 23] at 8. Plaintiffs contend that "[g]iven that the test of consent is centered on the understanding of a 'reasonable person,' the starting point for an examination of the consent should be with Defendants' own understanding." [Doc. 23] at 10. This argument misconstrues

---

[4] Plaintiffs argue that because "Defendants attached the police reports of Defendant Guy and Defendant Walker to their Motion," the video does not "tell[] the whole story" of the encounter. [Doc. 26] at 5. This argument does not warrant ordering discovery. Attaching the police report to the Motion does not necessarily mean either that Plaintiffs require two depositions to respond or that the video does not enable them to respond.

the definition of "reasonable person" and the standard under Rule 56(d). Defendants' understanding of the scope of consent is not determinative under the objective standard. *See Kimoana*, 383 F.3d at 1224. Nor is Defendants' understanding of Denton's statements a "fact[] essential to justify [Plaintiffs'] opposition" to the Motion for Summary Judgment. Fed. R. Civ. P. 56(d).

Fourth, Plaintiffs argue that the Court should allow them to depose Walker and Guy because "Defendants' explanation of their encounter with Plaintiffs is missing any factual development of the basis for ignoring Ms. Denton's revocation of consent and lacks any factual development or legal articulation of the detention of Ms. Denton and Ms. Smith in their home." [Doc. 23] at 8. If Plaintiffs believe that Defendants did not provide a factual or legal justification for ignoring Denton's explicit statement, "Please don't go in [the master bedroom]," they remain free to make that argument in their response. This argument does not, however, justify permitting discovery. Though Plaintiffs argue that they have the burden to show that Defendants violated their clearly established rights, [Doc. 23] at 8 (citing *Medina v. Cram*, 252 F.3d 1124, 1228 (10th Cir. 2001)), that burden only extends as far as the arguments made in the Motion for Summary Judgment. Plaintiffs need not anticipate every possible reason that Defendants may argue that the search was constitutional. They need only respond to the arguments raised in the Motion for Summary Judgment. Plaintiffs may do so using the video and, if necessary, affidavits.

For the above reasons, Plaintiffs fail to show that they cannot present facts essential to justify their opposition to Defendants' assertion of qualified immunity regarding the warrantless search.

### 2. Detention

Plaintiffs argue that the Court should permit them to depose Walker and Guy about the in-home detention. They argue that Defendants simply assert that detaining the three occupants of the house was a "common and constitutionally sound" practice, without specifying precisely why the detention was constitutional. [Doc. 23] at 8–9 (quoting [Doc. 20] at 14).

Defendants argue that they constitutionally detained Plaintiffs pursuant to an investigative detention under *Terry*. *See* [Doc. 20] at 14–15. The police may detain a suspect when they have a reasonable suspicion that the suspect is engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). "A determination of reasonable suspicion is based on 'an objective standard taking the totality of the circumstances . . . into account.'" *United States v. Rice*, 483 F.3d 1079, 1082 (10th Cir. 2007) (quoting *United States v. Johnson*, 364 F.3d 1185, 1189 (10th Cir. 2004)). Moreover, an investigative detention's scope—and duration—must not be unreasonable. An officer does not unlawfully prolong the duration of an investigative detention if he "diligently pursued a means of investigation that was likely to confirm or dispel [his] suspicions quickly." *United States v. Sharpe*, 470 U.S. 675, 686 (1985). Like the determination of whether an officer had reasonable suspicion of criminal activity, the reasonableness of the detention's scope "is [governed by] an objective test" and "does not 'depend [] on the actual motivations of the individual officers involved.'" *United States v. Burleson*, 657 F.3d 1040, 1047 (10th Cir. 2011) (quoting *Whren v. United States*, 517 U.S. 806, 813 (1996)).

Plaintiffs do not require discovery concerning the circumstances surrounding their detention in order to respond to the Motion for Summary Judgment. They latch onto a single phrase from Defendants' Motion for Summary Judgment—that they detained Plaintiffs pursuant

11

to a "common and constitutionally sound" practice, [Doc. 20] at 14—and exaggerate its significance. Defendants do not vaguely suggest that the detention was constitutional. Rather, they explicitly argue the detention was constitutional, then describe why its length was not unreasonable. *Id.* at 14–15. Defendants maintain they detained Plaintiffs for about 30 minutes, a period they argue that "the Tenth Circuit has determined not to constitute an arrest." *Id.* at 15. In context, it is clear that Defendants are arguing that the detention was lawful because they did not unreasonably prolong it. Again, Plaintiffs need only respond to the arguments raised in the Motion for Summary Judgment, and wishing to know precisely what Defendants meant by arguing the detention was constitutionally sound does not justify discovery under Rule 56(d).

Additionally, the propriety of an investigative detention, and the diligence with which an officer investigates during such a detention, again rely on analysis of the surrounding circumstances—not an officer's subjective belief about his diligence. Defendants argue that 30 minutes is not a long time to conduct "the search for the suspects, the interviews of the individuals, [the] inventory of the stolen vehicle[,] and [the] transport of the suspects." [Doc. 20] at 15. The video shows each of those events, and Plaintiffs may use the video, affidavits, and any relevant case law to argue that Defendants did not diligently investigate. That Walker or Guy may subjectively believe they acted diligently is not dispositive.[5] *See Burleson*, 657 F.3d at 1047; *Rice*, 483 F.3d at 1082; 4 Wayne R. LaFave, *Search & Seizure* § 9.2(f) (5th ed. 2019).

For the above reasons, Plaintiffs fail to show that they cannot present facts essential to justify their opposition to Defendants' assertion of qualified immunity regarding the detention.

---

[5] Similarly, Plaintiffs need no discovery concerning "the factual basis supporting their detention," [Doc. 23] at 11, because the video will show the objective circumstances surrounding her detention.

Finally, the parties contest whether Plaintiffs' Motion for Limited Discovery constitutes a response to the Motion for Summary Judgment. Defendants argue that it effectively became the response because "Plaintiffs offer argument for their position that their civil rights were violated." [Doc. 25] at 4. Defendants request that the Court "both deny [Plaintiffs'] request for limited discovery [and] also consider the [M]otion as [their] response to the Defendants' Motion for Summary Judgment." *Id.* Plaintiffs disagree with this characterization of their Motion, arguing that they chose to request limited discovery, not respond to Defendants' Motion for Summary Judgment. [Doc. 26] at 5. The Court agrees with Plaintiffs. Plaintiffs' arguments in the instant Motion relate to their request for discovery under Rule 56(d), not the merits of the Motion for Summary Judgment. The Court will therefore order Plaintiffs to file a response to the Motion for Summary Judgment no later than May 19, 2020.

## CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Motion for Limited Discovery Pursuant to Federal Rule of Civil Procedure 56(d)(2) [Doc. 23] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs must respond to Defendants' Motion for Summary Judgment Based on Qualified Immunity [Doc. 20] no later than **May 19, 2020**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**